RUSS, AUGUST & KABAT
Irene Y. Lee, State Bar No. 213625
ilee@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
Timothy M. Baumann, State Bar No. 322982
tbaumann@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 979-8268

Attorneys for Plaintiff Smartmark, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMARTMARK, LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>RESERVEBAR EXPRESS CORP., d/b/a MINIBAR DELIVERY, d/b/a GETSTOCKED.COM<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff Smartmark, LLC ("Smartmark") hereby prays for relief from this Court as follows:

## PARTIES

1. Plaintiff Smartmark is a California limited liability company.

2. Upon information and belief, Defendant ReserveBar Express Corp. ("ReserveBar") is a Delaware corporation.

## SMARTMARK CREATES A VALUABLE CATALOG OF PHOTOGRAPHS OF ITS PRODUCT OFFERINGS

3. Smartmark is the copyright assignee and an affiliate of Craftshack, Inc., which owns and operates an online marketplace connecting enthusiasts of craft beers, wines, and spirits with small-batch products through a network of local bottle shops. To facilitate customers' convenient and reliable use of its online platform, CraftShack has created thousands of original photographs of the products offered on its website. Significantly, the images of the products displayed in these photographs are standardized, such that each product is displayed with similar angles, backgrounds, and lighting. Among other things, these standardized images allow for easier customer review and comparison of CraftShack's offerings as compared to the promotional images typically used by the products' manufacturers, which understandably do not adhere to singular styling.

4. Smartmark's catalog of photographs has been a valuable asset to Smartmark and its customers. Because of this value, Smartmark licenses the use of its photographs to other online beverage distributors. The exclusivity of Smartmark's use and licensing of its catalog of photographs is essential to Smartmark's business.

5. Smartmark owns 14 original photographs registered with the United States Copyright Office (collectively, the "Subject Photographs"). **Exhibit A** to this Complaint are true and correct copies of the Subject Photographs, as well as their titles and copyright registration numbers.

6. The Subject Photographs are published and displayed on Smartmark's online platform.

## RESERVEBAR ENGAGES IN UNAUTHORIZED USE AND DISPLAY OF THE SUBJECT PHOTOGRAPHS

7. On information and belief, ReserveBar owns, operates, and/or controls the website www.getstocked.com, as well as affiliated subdomains, mobile sites, and applications (collectively, "ReserveBar's Websites"). ReserveBar's Websites offer an online marketplace for beers, wines, and spirits that is similar to the platform offered by Smartmark, with ReserveBar touting itself as "the leader for on-demand delivery of wine, beer, liquor, mixers and more."[1]

8. ReserveBar copied, stored, distributed, displayed, created derivative works of, and/or otherwise exploited the Subject Photographs on ReserveBar's Websites, without a license, authorization, or permission from Smartmark (the "Accused Photographs"). Attached as **Exhibit B** hereto are true and correct copies of screenshots of the Accused Photographs taken from one of ReserveBar's Websites.

## JURISDICTION AND VENUE

9. This is an action for violation of the Copyright Act and Digital Millenium Copyright Act, which activities have occurred in this district and elsewhere in interstate commerce within the United States.

10. The Court has subject matter jurisdiction under 28 U.S.C. §1331.

11. ReserveBar is subject to personal jurisdiction in this district and Court because ReserveBar conducts business in this district,[2] and/or a substantial part of ReserveBar's actions from which the claims arise occurred in this district.

---

[1] *See* https://minibardelivery.com/about.
[2] For example, ReserveBar's website states that it services 37 cities/neighborhoods in the Los Angeles region. *See* https://minibardelivery.com/regions.

12. Venue in this district and Court is proper pursuant to 28 U.S.C. §1391 because ReserveBar conducts business in and/or conducted a substantial part of its actions from which the claims arise in this district.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

13. Smartmark realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

14. Smartmark alleges that ReserveBar accessed the Subject Photographs by, without limitation, viewing the Subject Photographs on Smartmark's websites, social media profiles, and other online platforms, and/or the websites, social media profiles, and other online platforms of Smartmark's licensees.

15. Smartmark alleges on information and belief that ReserveBar copied, reproduced, displayed, and distributed infringing content through various online platforms and websites, including but not limited to the Accused Photographs contained in **Exhibit B**.

16. Smartmark alleges on information and belief that ReserveBar infringed its copyrights by creating infringing derivative works from the Subject Photographs and publishing the same to the public.

17. As a result of ReserveBar's acts of infringement, Smartmark has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Smartmark prays for judgment as follows:

1. That ReserveBar, its agents, and anyone working in concert with it, be enjoined from using the Subject Photographs in a manner that infringes Smartmark's copyrights in the same;

2. That Smartmark be awarded all ReserveBar's profits, plus all Smartmark's losses, attributable to ReserveBar's infringement of Smartmark's

copyrights in the Subject Photographs, the exact sum to be proven at trial; or alternatively, if elected, statutory damages under 17 U.S.C. §504;

    3.    That Smartmark be awarded its costs and fees under 17 US.C. §505;

    4.    That Smartmark be awarded prejudgment interest as allowed; and

    5.    That Smartmark be awarded such further relief as this Court finds proper.

## JURY DEMAND

Smartmark demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution.

DATED: November 10, 2025

RUSS, AUGUST & KABAT

By: _____
Nathan D. Meyer
Attorneys for Plaintiff Smartmark, Inc.